UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10269-GAO

GREGORY WEBB,
Plaintiff,

v.

GUNNALLEN FINANCIAL, INC., ROBERT LEE, and JAMES RAPUANO,
Defendants,

OPINION AND ORDER
December 3, 2010

O'TOOLE, D.J.

# I. Background

The plaintiff, Gregory Webb, has brought suit against James Rapuano, Robert Lee, and GunnAllen Financial ("GAF") for misrepresentation, fraud, and securities fraud, in particular violations of § 10(b) of the Securities and Exchange Act of 1934.[1] The action arises out of Webb's agreement to open a securities trading account with GAF. Lee and Rapuano were the primary managers of Webb's account with GAF.

Upon commencement of his suit, Webb attempted to serve the summons and complaint upon Rapuano at GAF's Tampa, Florida headquarters. Someone at the Tampa office received service and signed for it. Rapuano's affidavit made under the penalties of perjury avers that he was not the person who received service, he does not know the identity of this person, and he has no relationship to this unknown person. Rapuano's affidavit further says that he did not work out

---

[1] The judicial action against GunnAllen has been stayed automatically due to their filing of a petition under the Bankruptcy Code. See 11 U.S.C. § 362. Webb withdrew without prejudice his action against Lee.

of the Tampa office at any point during his employment with GAF, but rather operated out of the New Haven, Connecticut office until he left GAF in January of 2010.

Rapuano did not respond to the complaint, and a default was entered against him on April 2, 2010. His affidavit states that he did not receive a copy of the summons and complaint until June 15, 2010. He now brings two motions before the Court: one to set aside the default, and the other to stay this case and compel the matter to arbitration before the Financial Industry Regulatory Authority, Inc.

## II. Motion to Vacate Default

The standard for overturning a default is a liberal one. Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). Three factors should be strongly considered when determining whether to grant a motion to vacate a default: 1) whether the default was willful; 2) whether setting aside the default would prejudice the adversary, and; 3) whether a meritorious defense is presented by the defendant. Id. Other factors that a court may consider are the proffered explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion. Id. Applying these factors to the case at hand, it is clear that the default entered against Rapuano should be vacated.

The information presented indicates that Rapuano did not willfully default. The complaint was sent to GAF's headquarters in Tampa, Florida, rather than to Rapuano's home or his actual place of employment, the GAF office in New Haven, Connecticut. Rapuano did not sign the return receipt attached to the return of service; he does not know who did. Rapuano moved immediately to vacate the default when it was first brought to his attention on June 15, 2010. Webb suggests that Rapuano failed to explain the gap in time between April 2, when default was entered, and June 15, when Rapuano claims he first learned of the lawsuit. The

inquiry here, however, is willful default. Whether or not Rapuano could, through the exercise of greater diligence, have learned sooner of the attempted service is immaterial. There is no evidence presented that he knew of the attempted service and purposely did not respond or that he received the summons before June 15 and simply chose to ignore it.

No prejudice will result from setting aside the default. Webb makes no claim that evidence has been destroyed or lost, witnesses have become unavailable, or avenues of discovery have closed to him since the default was entered. He does not claim that any adverse impact to his ability to present his case will result from the delay caused by the misunderstanding in service of the summons and complaint.

The final question is whether Rapuano presents a cognizable defense; specifically, whether an arbitration clause constitutes a cognizable defense. (The validity and enforceability of the arbitration clause is discussed below.) To show the existence of a meritorious defense, Rapuano does not need to demonstrate a likelihood of success on the merits. See Coon, 867 F.2d at 77. He need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense. Id. Rapuano has done that here. An arbitration clause is, at bottom, an agreement, and thus "may be pleaded as a personal defense." See DiMercurio v. Sphere Drake Ins., PLC, 202 F.3d 71, 76 (1st Cir. 2000) (quoting Morales v. Sea Land of Puerto Rico, Inc., 418 F.2d 725, 726 (1st Cir. 1969)) (noting that arbitration agreements do not unlawfully divest a court of jurisdiction).

For these reasons, Rapuano has justified vacating the default. See Coon, 867 F.3d at 76-77.

**III.     Motion to Stay and Compel Arbitration**

A party bringing a motion to stay and compel arbitration must prove four things in order to succeed: 1) that a valid agreement to arbitrate exists; 2) that the movant is entitled to invoke the arbitration clause; 3) that the arbitration clause is binding on the other party, and; 4) that the claim being asserted comes within the scope of the arbitration clause. Sourcing Unlimited, Inc. v. Asimco Int'l Inc., 526 F.3d 38, 46-47 (1st Cir. 2008) (citing Intergen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003)). Should there be any doubt about whether an issue is arbitrable or not, federal policy requires these doubts be resolved in favor of arbitration.  9 U.S.C. §§ 3-4; McCarthy v. Azure, 22 F.3d 351, 355 (1st Cir. 1994); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

When he opened his account, Webb signed a New Account Form, a Client Agreement, and a Margin Agreement, all of which contained arbitration clauses. Webb does not dispute that a valid agreement to arbitrate exists, that Rapuano is entitled to invoke the arbitration clause, that Webb himself is bound by the arbitration clause, or that the claim being asserted comes within the scope of the arbitration clause.[2] Webb even concedes in his opposition that this Court has the power to compel this case to arbitration.

Webb's only argument is that Rapuano presents no merits defense and makes no showing that he will be able to win his case in arbitration. Unfortunately for Webb, there is no requirement that Rapuano present a substantive defense in a motion to stay and compel arbitration. As the First Circuit stated in Warren Bros. Co. v. Cardi Corp., 471 F.2d 1304, 1309 (1st Cir. 1973), "[i]n deciding whether a particular controversy is within the scope of an arbitration clause, . . .  it is not the function of the court to determine . . . whether the party

---

[2] In fact, Webb stipulated to the dismissal of the claim against defendant Robert Lee in order to take that dispute to arbitration.

seeking arbitration will be able to present a meritorious defense." Rapuano is simply required to demonstrate that the arbitration clauses meet the four requirements set forth in <u>Sourcing Unlimited</u>, which Webb acknowledges is the case.

Consequently, the motion to compel arbitration must be granted, and proceedings in this Court will be stayed pending that arbitration.

## IV. <u>Conclusion</u>

For the foregoing reasons, Rapuano's Motion to Vacate Default (dkt. no. 22) and Motion to Stay and Compel Arbitration (dkt. no. 23) are GRANTED. Additionally, the Motion for Entry of Judgment (dkt. no. 13), which previously had been denied as to GunAllen Financial, is now DENIED without prejudice as to Rapuano as well. This case against Rapuano will be stayed while the parties pursue arbitration.[3] The parties shall notify the Court when the arbitration has been concluded.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge

---

[3] The case is already stayed against GAF by reason of a pending bankruptcy.